UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09175-ODW (KSx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | *Victor Chey et al. v. JPMorgan Chase Bank, N.A. et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not present | | Not present | |

**Proceedings: In Chambers**     **Order Denying Motion to Remand [15]**

On September 23, 2024, Plaintiffs Victor Chey and Timothy Chey filed their Complaint in Los Angeles County Superior Court alleging thirty-one causes of action against Defendants JP Morgan Chase Bank, N.A.; J.P. Morgan Securities, LLC; J.P. Morgan Clearing Corp.; David Kim; and Lacie Chey (no relation).  (Notice Removal ("NOR") Ex. A ("Compl.") ¶¶ 92–612, ECF No. 1-1.)  On October 24, 2024, Defendants removed the case to federal court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs allege several causes of action arising under federal law.  (NOR ¶ 1, ECF No. 1.)  On November 22, 2024, Plaintiffs filed a motion to remand to state court on the grounds that "this case lacks diversity jurisdiction."  (Mot. Remand 12, ECF No. 15.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.  Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of either federal question or diversity jurisdiction.  Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-09175-ODW (KSx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | *Victor Chey et al. v. JPMorgan Chase Bank, N.A. et al.* | | |

first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

In this case, Plaintiffs assert thirty-one causes of action against Defendants, at least three of which invoke federal law: Count 8—Violation of the Investment Advisers Act, (Compl. ¶¶ 205–57); Count 19—Violation of the Lanham Act, (*id.* ¶¶ 484–539); and Count 27—Violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, (*id.* ¶¶ 583–89). Accordingly, Defendants' removal under 28 U.S.C. § 1441, based on federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, was proper.

Plaintiffs move to remand solely on the grounds that the Court lacks diversity jurisdiction. (*See* Mot. Remand 8, 11–12, 17.) However, as Plaintiffs assert causes of action arising under federal law, the Court has original jurisdiction based on federal question, and does not need diversity jurisdiction to exercise subject matter jurisdiction over this action. *See* 28 U.S.C. § 1441(b)–(c) (providing that a defendant may remove a civil action to federal court based on original jurisdiction, which exists under *either* federal question, 28 U.S.C. § 1331, *or* diversity, 28 U.S.C. § 1332). The motion to remand is therefore denied.

Additionally, although Plaintiffs represent that they met and conferred with Defendants in advance of filing the motion to remand, that representation can only be erroneous. First, had Plaintiffs conferred with Defendants prior to filing, surely Plaintiffs would have addressed Defendants actual basis for removal in the motion. (*See* Decl. Karin L. Bohmholdt ISO Opp'n ("Bohmholdt Decl.") ¶¶ 9, 11–12, ECF No. 20-1 (detailing several instances after Plaintiffs filed their motion when Defendants explained that removal was based on federal question and not diversity).) And second, Plaintiffs indicate that they met and conferred with Defendants' counsel on October 15, 2024, regarding seeking to remand the case, but the case was not removed to federal court until nine days later, on October 24, 2024. (*See* Notice Mot. Remand 2 (noting purported meet and confer on October 15, 2024, followed by removal on October 24, 2024).) Thus, on October 15, 2024, the case was still in state court, Defendants had not raised the prospect of removal to Plaintiffs, and there was no need to confer regarding a motion to remand. (Bohmholdt Decl. ¶¶ 3–6, 8 (detailing Defendants' efforts, beginning on October 18, 2024, to meet and confer regarding Defendants' time to respond to the Complaint).) Plaintiffs' failure to meet and confer in advance of moving to remand provides an additional reason to deny the motion. *See* C.D. Cal. L.R. 7-4, 83-7. Plaintiffs are cautioned to strictly comply with the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-09175-ODW (KSx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | *Victor Chey et al. v. JPMorgan Chase Bank, N.A. et al.* | | |

Local Rules, and to proceed scrupulously with representations to the Court, as future violations and misrepresentations may subject Plaintiffs to sanctions. *See* C.D. Cal. L.R. 83-7.

For the above reasons, the Court **DENIES** Plaintiffs' motion to remand. (ECF No. 15.)

**IT IS SO ORDERED.**

_____ : 00

Initials of Preparer    SE