O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| VICTOR CHEY et al., <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A. et al., <br><br> Defendants. | Case № 2:24-cv-09175-ODW (KSx) <br><br> **ORDER GRANTING MOTION TO DISMISS IN PART; DENYING AS MOOT MOTION TO STRIKE; AND REMANDING CASE [17] [19]** |

## I.  INTRODUCTION

Plaintiffs Victor Chey and Timothy Chey, proceeding pro per, initiated this action in state court against Defendants JPMorgan Chase Bank N.A. ("Chase Bank"), J.P. Morgan Securities, LLC, David Kim, and Luxie Chey.[1]  (Notice Removal ("NOR") Ex. A ("Compl."), ECF No. 1-1.)  Defendants move to dismiss the Complaint for failure to state a claim and to strike the Complaint pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  (Mot. Dismiss ("MTD"), ECF No. 17; Mot. Strike ("MTS"), ECF No. 19.)  For the following reasons, the Court **GRANTS IN PART** Defendants' Motion to Dismiss, **DENIES AS MOOT** Defendants' Motion to Strike, and **REMANDS** this action to state court.[2]

---

[1] Luxie Chey was erroneously sued as "Lacie" Chey.  (*See* NOR, ECF No. 1.)

[2] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[3]

Plaintiffs Victor Chey and Timothy Chey initiated this action in state court, bringing thirty-one causes of action against Defendants Chase Bank, J.P. Morgan Securities, LLC, David Kim, and Luxie Chey based on allegations that Chase Bank withheld their elderly father, George Chey's funds. (Compl.) Four causes of action sound in federal law, and the remaining twenty-seven arise under state law. (*Id.* ¶¶ 92–612)

Defendants removed this action to federal court based on federal question subject matter jurisdiction. (NOR ¶ 1.) Specifically, Defendants assert that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the four federal causes of action: eighth cause of action for violation of the Investment Advisor Act, eighteenth cause of action for mail fraud, nineteenth cause of action for violation of the Lanham Act, and twenty-seventh cause of action for violations under the Racketeer Influenced and Corrupt Organizations Act. (*Id.*) Defendants assert that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law causes of action. (*Id.* ¶ 2.)

Plaintiffs subsequently moved to remand, arguing "this case lacks diversity jurisdiction." (Mot. Remand 12, ECF No. 15.) The Court denied Plaintiffs' motion to remand on the grounds that Defendants properly removed the action based on *federal question* subject matter jurisdiction pursuant to 28 U.S.C. § 1331, a jurisdictional basis which Plaintiffs did not challenge, and because Plaintiffs failed to comply with the Local Rules. (Order Den. Mot. Remand 2, ECF No. 33.)

On December 2, 2024, Defendants filed the instant Motion to Dismiss and Motion to Strike. (MTD; MTS.) The Motions are fully briefed. (*See* Opp'n MTD, ECF No. 31; Reply ISO MTD, ECF No. 34; Opp'n MTS, ECF No. 32; Reply ISO MTS, ECF No. 35.)

---

[3] All factual references derive from the Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. MOTION TO DISMISS

Defendants move to dismiss each of Plaintiffs' thirty-one causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (*See* MTD 1–2.) The Court first addresses Plaintiffs' claims arising under federal law before considering the state law causes of action.

### A.   Legal Standard

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the "minimal notice pleading requirements" of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678 (holding that a claim must be "plausible on its face" to avoid dismissal).

### B.   Federal Causes of Action

Defendants move to dismiss each of the four federal causes of action on various grounds. (MTD 5, 9–13, 17.) Plaintiffs do not respond to Defendants' moving arguments as to the federal causes of action. (*See generally* Opp'n MTD.) Plaintiffs' failure constitutes a concession on those causes of action. *Virgin Scent, Inc. v. BT Supplies W., Inc.*, 615 F. Supp. 3d 1118, 1136 (C.D. Cal. 2022) (deeming failure to respond to moving argument as concession of the issue). Rather than oppose dismissal of the federal causes of action, Plaintiffs concede that they "will dismiss all Federal actions for Causes 8, 18, 19, and 27." (Opp'n MTD 31.) As Plaintiffs implicitly and explicitly concede the failure of these four claims, the Court **DISMISSES** the eighth, eighteenth, nineteenth, and twenty-seventh causes of action with prejudice.

### C. State Causes of Action

When a federal court has dismissed all claims over which it has original jurisdiction, it may, at its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Hunt v. City of Los Angeles*, No. 21-55310, 2022 WL 3714490, at *1 (9th Cir. Aug. 29, 2022) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims . . . ." (quoting *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996))). Having dismissed all federal causes of action, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims and remand those claims to the Superior Court.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Defendants' Motion to Dismiss, (ECF No. 17), and **DISMISSES WITH PREJUDICE** Plaintiffs' causes of action eight, eighteen, nineteen, and twenty-seven. As no federal claims survive and the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, 111 N. Hill Street, Los Angeles, California, 90012, Case No. 24STCV24607.

Consequently, the Court **DENIES AS MOOT** Defendants' Motion to Strike, without prejudice to Defendants refiling it with the Superior Court. (ECF No. 19.) The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 7, 2025

_____
       **OTIS D. WRIGHT, II**
  **UNITED STATES DISTRICT JUDGE**